UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JOHN BALTZ,<br><br>　　　　　Plaintiff,<br>v.<br><br>JTL, INCORPORATED d/b/a J. GRAHAM & ASSOCIATES,<br><br>　　　　　Defendant. | Court File No.:<br><br>**COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of Defendant's violations of 15 U.S.C. 1681 *et seq.*, 15 U.S.C. 1692 *et seq.*, and Fla. Stat. 559.72(9).

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.*, § 1692k(d), and 28 U.S.C. § 1367 for the supplemental state law claim.

## PARTIES

3. Plaintiff JOHN BALTZ is a natural person who resides in the city of Boca Raton, county of Palm Beach, in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant JTL, INCORPORATED also d/b/a/ J. GRAHAM & ASSOCIATES (hereinafter "Defendant JTL" or "JTL") is a corporation organized under the laws of

-1-

the state of North Carolina with a principal place of business located at 11020 David Taylor Drive. Suite 310, Charlotte, NC 28262. The registered agent for JTL is James O. Graham, Jr. at the address of 6305 Elderslie Dr. Charlotte, North Carolina 28269. JTL is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "furnisher" as described at 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

5. In May of 1988 Plaintiff was seventeen (17) years old.

6. In May of 1988 Plaintiff's great aunt Mary K. Patterson (hereinafter referred to as "Patterson") applied for an individual credit card account with non-party US Bank.

7. US Bank processed Patterson's individual credit application, granted her credit and opened account number XXXX XXXX XXXX 2818 (hereinafter referred to as "account") in her name alone.

8. Plaintiff did not participate in this credit application as he was a minor.

9. At some point subsequent to May of 1988 Patterson contacted US Bank and requested to add both Plaintiff and Plaintiff's brother Patrick Baltz as authorized users on the account ending in 2818.

10. US Bank agreed and issued separate credit cards for Patrick and Plaintiff.

11. Plaintiff, Patterson and Patrick Baltz used the card over the next several years and Patterson made the payments to US Bank.

12. US Bank only sent account statements to Patterson in her name only and to her address in Roseville, Minnesota.

13. In 2005 Patterson fell behind on her personal financial obligations and she filed for bankruptcy.

14. Patterson included the US Bank credit account in her bankruptcy.

15. Patterson's debts, including the US Bank account, were discharged by the United States District Court – District of Minnesota.

16. After Patterson's bankruptcy filing, US Bank illegally altered or changed the account records and put the account in the name of Plaintiff.

17. US Bank began sending invoices addressed to Plaintiff, but at Patterson's address in Roseville, MN.

18. Plaintiff has never lived in Roseville, Minnesota.

19. In or about June of 2005, Plaintiff and Patterson began to dispute the appearance of the account on Plaintiff's credit profile with US Bank directly.

20. On June 28, 2005 US Bank sent a letter to Plaintiff and his great aunt which admitted that US Bank did not know how, when or under what circumstances Plaintiff was added to the account just that it was sometime prior to 2003.

21. Over the next several months Plaintiff and Patterson attempted to get US Bank to remove Plaintiff's name from the account, but to no avail.

22. The balance on the account at the time Ms. Patterson filed for bankruptcy and it was subsequently discharged was approximately $20,000 in May of 2009.

23. Upon information and belief, US Bank sold the account to Defendant JTL prior to March 2012.

24. Upon information and belief, Defendant JTL paid less than $1,000 for the Plaintiff's alleged account.

25. Defendant sent Plaintiff an initial collection letter dated March 8, 2012 to his residence in Palm Beach County which listed the total amount due as being $45,859.90, which was false and in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) and Fla. Stat. § 559.72(9).

26. Upon information and belief, Defendant added an illegal collection fee to the balance and then reported the balance as due and owing, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f(1).

27. Plaintiff received the March 8, 2012 letter and had his attorney send a dispute letter to Defendant on April 4, 2012, which was within the 15 U.S.C. §1692g "dispute and validation period" of 30 days, as outlined in Defendant's letter to Plaintiff.

28. As of the date of the filing of this complaint, Defendant has not responded to the April 4, 2012 letter.

29. Defendant has failed to update their reporting to the national credit reporting agencies showing the account as disputed by Plaintiff, in violation of 15 U.S.C. §1692e(8).

30. Plaintiff disputed the Defendant's credit reporting of the account to the credit reporting agencies pursuant to 15 U.S.C. §1681i with a letter dated March 1, 2012.

31. The national credit reporting agencies -- Trans Union, Experian, and Equifax -- all communicated Plaintiff's dispute to Defendant.

32. In or around March 15, 2012, Defendant responded to Experian and TransUnion indicating that it had completed its investigation of Plaintiff's dispute. Defendant advised Experian and TransUnion that Plaintiff owed $45,938 on account number ending in 2818 and it was past due.

33. Specifically, Defendant verified its account with no change with the credit reporting agencies, TransUnion and Experian. TransUnion and Experian each contacted Plaintiff to advise him of the results of Defendant's investigations.

34. Defendant violated 15 U.S.C. §1681s-2(b) when it failed to conduct a reasonable investigation into the dispute, and verified information that was inaccurate, false and incomplete.

35. Defendant failed to conduct a reasonable investigation into Plaintiff's account responsibility dispute on all three occasions it was called upon to do so by the national credit reporting agencies.

36. To date, Defendant is still falsely and inaccurately reporting the account and has not updated the tradeline to show the account as being "disputed" in violation of 15 U.S.C. § 1681s-2(b).

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, ET SEQ.

38. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

39. Defendant willfully and/or negligently violated 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation, failing to appropriately report the results of its investigation upon receiving notice of Plaintiff's dispute, and/or failing to appropriately modify and delete this account information.

40. As a result of Defendant's violation of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to his credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

41. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

42. Defendant's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover attorney's fees from Defendant in amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT - Fla. Stat. § 559.72(9)

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully stated herein.

45. Defendant claimed, attempted, or threatened to enforce a debt when it knew that the debt was not legitimate, and/or asserted the existence of some other legal right when it knew that such right did not exist.

46. As a result of Defendant's violation of Fla. Stat. § 559.72(9), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to his credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

47. Due to Defendant's violation of Fla. Stat. § 559.72(9), it is liable to Plaintiff for actual damages in an amount to be determined at trial, statutory damages up to $1000 in an amount to be determined by the Court, and court costs and reasonable attorney's fees to be determined by the Court, pursuant to Fla. Stat. § 559.77(2).

## COUNT III.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692, ET SEQ.

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully stated herein.

49. By sending Plaintiff an invoice for a debt that he did not ever have an obligation to pay, and in an amount greatly inflated from the maximum that the underlying debt

was ever even alleged to be, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

50. As a result, Plaintiff is entitled to actual and statutory damages as well as costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A) and 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1691e(a) and 1692k(a)(1), and Fla. Stat. § 559.72(2);
- Punitive damages in an amount to be determined at trial pursuant to 15 U.S.C § 1681n;
- Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2); and
- Court costs and attorney's fees pursuant to 15 U.S.C. §§ 1691k(a)(3) and 1692e(d), and Fla. Stat. 559.72(2); and
- Other and further relief as may be just and proper.

Dated this 27th day of September, 2012.

Respectfully submitted,

By:/s Guy M. Burns
Guy M. Burns, Esq.
FBN 160901
Primary Email:     guyb@jpfirm.com
Secondary Email:   laurah@jpfirm.com
**JOHNSON, POPE, BOKOR, RUPPEL AND BURNS, LLP**
403 E. Madison Street, Suite 400
Tampa, FL 33602
Telephone:   (813) 225-2500
Facsimile:   (813) 223-7118

*Local Counsel for Plaintiff, John Baltz*

-9-

**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq. (#65699)
*(Pro Hac Vice* Pending)
Primary Email: tlyons@lyonslawfirm.com
Secondary Email: smcmahon@lyonslawfirm.com
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq. (#0249646)
*(Pro Hac Vice* Pending)
Primary Email: tommycjc@aol.com
Secondary Email: andicjc@aol.com
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907

*Attorneys for Plaintiff, John Baltz*